UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN ANDREW BELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>DAVID CLAGUE, Warden, )<br>)<br>Respondent. ) | Case No. 20-cv-4091<br>Criminal Case No. 14-cr-10034 |

## ORDER AND OPINION

Before the Court is Steven Andrew Bell's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Civ. ECF No. 1. For the reasons set forth below, Petitioner's § 2241 Petition is DENIED and Respondent's Motion to Dismiss (Civ. ECF No. 5) is GRANTED. This matter is now terminated.

## BACKGROUND[1]

Petitioner is currently in the custody of Knox County Jail. Civ. ECF No. 1 at 1; Civ. ECF No. 5-1 at 1-2. In May 2014, Petitioner was charged with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). Crim. ECF No. 1. Petitioner pleaded guilty, and this Court sentenced him to 60 months' imprisonment, to be followed by a six-year term of supervised release. Crim. ECF No. 35. Petitioner was released from custody on December 28, 2018. Civ. ECF No. 5 at 2.

In April 2019, the U.S. Probation Office filed a petition to revoke Petitioner's supervised

---

[1] Citations to the record use the following abbreviations: "Crim ECF No." followed by a number refers to the document bearing that number in the underlying criminal case, Case No. 14-cr-10034; "d/e" followed by a date refers to the docket entry on that date in the same underlying criminal case; and "Civ. ECF No." followed by a number refers to the document bearing that number in the above-captioned civil case, Case No. 20-4091.

release for alleged violations, including possession of methamphetamine, possession of drug paraphernalia, and certain driving violations, and noted associated pending state court cases. Crim. ECF No. 54 at 1-2. The petition also included failure to comply with drug testing required by the terms of his supervised release. *Id.* at 2. In May 2019, Petitioner waived his detention and preliminary hearings. d/e 5/13/2019.

In June 2019, Petitioner filed a motion to request new counsel and motion to adjourn the revocation hearing. Crim ECF Nos. 62 and 63. Petitioner withdrew his motion to request new counsel, and the Court granted his motion to adjourn the revocation hearing. d/e 6/25/2019.

In July 2019, Petitioner filed a motion for a bond hearing and requested permission to attend an in-patient drug treatment program. Crim. ECF No. 64. The Court granted the motion and released Petitioner on bond to participate in the program but required him to return to U.S. Marshals' custody upon discharge from or completion of the program. Crim. ECF No. 66 at 2. After Petitioner was discharged from the program, the Court held a status conference in September 2019. d/e 9/20/2019. Petitioner again waived his detention hearing, was ordered detained, and remanded to the custody of the U.S. Marshals. Crim. ECF No. 68.

In fall of 2019, Petitioner requested and received a new attorney. Crim. ECF No. 70; d/e 10/18/2019. In April 2020, Petitioner filed a motion to set his final revocation hearing or detention hearing. Crim. ECF No. 79. On June 15, 2020, the Court sentenced Petitioner to an 18-month term of imprisonment to be served consecutively to any term of imprisonment imposed in Knox County, Illinois, Circuit Case 19-cf-0251. Crim. ECF No. 102 at 2. The Court also imposed a 48-month term of supervised release. *Id*. at 3. Petitioner appealed the revocation judgment. Crim. ECF No. 104.

## PROCEDURAL HISTORY

On April 2, 2020, Petitioner filed the current habeas corpus petition under 28 U.S.C. §

2241, alleging that the Knox County jail administrators violated his rights in a variety of ways. *Id.*

On May 18, 2020, Warden David Clague ("Respondent") filed a response to Petitioner's Section 2241 Petition. Civ. ECF No. 5. Respondent argues that a writ of habeas corpus is limited to challenges that contest the fact or duration of a prisoner's physical confinement. *Id.* at 5. Respondent notes that Petitioner is challenging merely the conditions of his confinement. *Id.* Therefore, Respondent asserts that Petitioner's claim should be filed in a civil rights suit and the Petition should be dismissed. *Id.* This Order follows.

## LEGAL STANDARD

Federal habeas corpus statute provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). A petition under § 2241 challenges the facts or duration of confinement but does not challenge the conditions of prison life. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A challenge of mere conditions of confinement may be brought under civil rights law; habeas corpus is not a permissible route for relief. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011).

## ANALYSIS

The question before this Court is whether Petitioner's allegations of several unconstitutional deprivations of due process and violations of his Eighth Amendment rights impact the fact and duration of confinement, or whether his complaints relate to merely conditions of confinement.

Petitioner's Petition includes three grounds for relief. First, Petitioner alleges that his Fourth Amendment due process right was violated as he was punished for unspecified violations of jail rules; correctional officers attacked him; and he faced unwarranted sanctions without due process. Civ. ECF No. 1 at 6. Second, Petitioner alleges his Eighth Amendment right against cruel

and unusual punishment was violated as he was placed on "Ice Box" and lockdown for four days without due process. *Id.* at 7. He also alleges that, after filing a complaint under 42 U.S.C. § 1983, jail administrators violated his Eighth Amendment right by restricting his access to the mail, paper, books, and the law library. *Id.* Third, Petitioner claims that the staff denied him access to the law library and that he was only permitted to do "legal work" for one hour per day and then "it is collected." *Id*.

The line between challenging the fact and duration of confinement and challenging the conditions of confinement depends on whether the petition can "fairly be described as a quantum change in the level of custody". *Graham*, 922 F.2d at 381. Though Petitioner complains of due process violations, he did not provide any specific facts or details to support any abuse of the procedures. Civ. ECF No. 1 at 7. This Court is therefore unable to discuss any procedural insufficiency or determine if his due process rights were violated. On the other hand, the facts Petitioner does provide, such as "icebox" lockdown, a limited amount of time to do legal work, and restricted access to mail, books, papers, and the law library relate solely to his living conditions. *Id*.

Regarding the alleged violation of his Eighth Amendment right against cruel and unusual punishment, the alleged lockdown without cause, discipline, and limited access to mail, books, papers, and the law library will not affect the fact or length of the confinement. A remedy for Petitioner's complaints, if available, might include the withdrawal of the alleged disciplinary sanctions or access to law library and paper. But none will lead to a release. This Court finds that Petitioner's complaints relate only to the conditions of his confinement. *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). Therefore, this Court finds that he is precluded from bringing this challenge through a habeas petition and may instead pursue his claims by filing a civil action.

## CONCLUSION

For the reasons set forth above, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1] is DENIED and Respondent's Motion to Dismiss [5] is GRANTED. This case is now terminated. The Clerk is directed to close this case.

ENTERED:  July 23 , 2020

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge